1    **JOHN L. BURRIS, Esq., SBN 69888**
      **BEN NISENBAUM, Esq., SBN 222173**
2    **LAW OFFICES OF JOHN L. BURRIS**
      Airport Corporate Center
3    7677 Oakport Street, Suite 1120
      Oakland, California 94621
4    Telephone: (510) 839-5200 Facsimile: (510) 839-3882
      John.Burris@johnburrislaw.com
5

6    Attorneys for Plaintiffs

7

8

9                 **UNITED STATES DISTRICT COURT**

10           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| K.B., Successor-in-Interest to Decedent ROBBIE SPRIGGS, by and through his Guardian Ad Litem KIYERA BYRONE; BRENDA COOK, an individual and JOHN SPRIGGS, an individual. <br><br><br><br> Plaintiffs, <br>     v. <br><br> ALAMEDA COUNTY, a municipal corporation; ANTHONY ANIASCO, in his individual and official capacity as a Sergeant for the Alameda County Sheriff's Department; GLENN ARRIVAS, in his individual and official capacity as a Deputy Sheriff for the Alameda County Sheriff's Department; and DOES 1-50, <br><br> Defendants. | Case No.: <br><br> <u>COMPLAINT FOR DAMAGES</u> <br>(42 U.S.C. Section 1983 and pendent tort claims) <br><br> <u>JURY TRIAL DEMANDED</u> |

28

                                                             1

1
2
3

**<u>INTRODUCTION</u>**

4      1.  This civil rights and  wrongful death action seeks compensatory and

5  punitive damages from Defendants, for violating various rights under the United

6  States Constitution and state law, in connection with the death of Decedent

7  ROBBIE JARREN SPRIGGS, who died as a result of being left unattended by

8  Defendant COUNTY OF ALAMEDA employees.

9      2.  On August 16, 2013, 18-year old Decedent SPRIGGS was booked into

10  Defendant COUNTY OF ALAMEDA's, Santa Rita Jail Facility.  Decedent

11  SPRIGGS had a documented history of suicide attempts while in custody.

12      3.  On August 21, 2013, Decedent SPRIGGS notified medical staff that he

13  was suicidal and he was referred to mental health for assessment. On August 27,

14  2013, six days after notifying medical staff that he was suicidal, Decedent

15  SPRIGGS was finally screened by Santa Rita Jail Facility mental health nursing

16  staff and he notified them that he attempted suicide in his jail cell two days

17  prior, by trying to hang himself with a t-shirt.

18      4.  Later that day, on August 27, 2013, Decedent SPRIGGS was

19  transferred to John George Psychiatric Pavilion for mental health treatment. Two

20  days later, on August 29, 2013, Decedent SPRIGGS threatened to hang himself.

21  On September 2, 2013, John George Psychiatric Pavilion discharged Decedent

22  SPRIGGS, after four days, and returned him to Santa Rita Jail.

23      5.  On September 5, 2013, despite the Santa Rita Jail Facility being on

24  notice of Decedent SPRIGGS' severe mental health issues and of his numerous

25  threats and attempts at suicide, the jail facility staff left Decedent SPRIGGS

26  unattended for at least one hour, while he had  access to bed sheets. During this

27  time, Decedent SPRIGGS hanged himself with a bed sheet and died.

28

2

6.  This action seeks to recover damages for the violation of rights personal to Decedent and the rights of his surviving heirs. This action is maintained on behalf of Decedent, by his successor-in-interest, K.B., by and through his Guardian Ad Litem KIYERA BYRONE and his biological parents.

## JURISDICTION

7.  This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Section 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in the City of Dublin, Alameda County, California, which is within this judicial district.

## PARTIES

8.  Decedent, ROBBIE JARREN SPRIGGS, was an individual residing in the County of Alameda, State of California. Decedent was unmarried at the time of his death and died without leaving a will.

9.  Decedent has one surviving minor child, K.B. Plaintiff K.B. sues in his individual capacity through his Guardian Ad Litem KIYERA BYRONE, as Decedent's child and in a representative capacity as successor-in-interest to Decedent pursuant to California Code of Civil Procedure Sections 377.30.and 377.60 and California Probate Code Section 6402.

10. Plaintiff, BRENDA COOK, is now and at all times mentioned herein a United States Citizen. Plaintiff is the mother of Decedent ROBBIE JARREN SPRIGGS. She brings this action on her own behalf.

11. Plaintiff, JOHN SPRIGGS, is now and at all times mentioned herein a United States Citizen. Plaintiff is the father of Decedent ROBBIE JARREN SPRIGGS. He brings this action on his own behalf.

12. Defendant ALAMEDA COUNTY (Hereinafter "COUNTY") is, and at all times herein mentioned, a municipal entity duly organized and existing under the laws of the State of California. Under its authority, ALAMEDA COUNTY operates the Alameda County Sheriff's Department, which operates the Santa Rita Jail Facility.

13. Defendant ANTHONY ANIASCO (Hereinafter "ANIASCO") is, and at all times mentioned herein, a United States Citizen. He is being sued in his individual and official capacity as a Sergeant for the Alameda County Sheriff's Department.

14.    Defendant GLENN ARRIVAS (Hereinafter "ARRIVAS") is, and at all times mentioned herein, a United States Citizen. He is being sued in his individual and official capacity as a Deputy Sheriff for the Alameda County Sheriff's Department.

15. Plaintiffs are ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and unlawful use of force.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend this complaint subject to further discovery.

16. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

17. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

18. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

19. For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law.  Plaintiffs filed an administrative claim with the COUNTY OF ALAMEDA on March 3, 2014. To date, the COUNTY OF ALAMEDA has not responded to the claim. On August 18, 2014, the COUNTY OF ALAMEDA claims adjuster confirmed that they have not acted upon the claim. The claim was deemed rejected by operation on law as of April 16, 2014.

## FACTS

20. On August 16, 2013, 18-year-old Decedent ROBBIE JARREN SPRIGGS was booked into Defendant COUNTY OF ALAMEDA Santa Rita Jail Facility, in Dublin, California.  Decedent SPRIGGS was booked into the Santa Rita Jail Facility under the alias "Robert Byron."

21. On August 21, 2013, Decedent SPRIGGS was seen in the medical ward for dental problems. While being evaluated for dental problems, he admitted to having had thoughts of suicide in the past and was referred to mental health.

22. On August 27, 2013; six days after he was referred for a mental health evaluation, Decedent SPRIGGS was finally seen by mental health

staff. It is unknown why there was a six-day delay in evaluating Decedent SPRIGGS, during which he attempted suicide the first time. Decedent SPRIGGS told Defendant County of Alameda, Santa Rita Jail staff nurse M. Inocencio that he tried to hang himself two days previously, using a t-shirt. In addition, on August 27, 2013, S. Ulloa of Criminal Justice Mental Health conducted a mental health screening of Decedent SPRIGGS. According to Santa Rita records, his screening determined that Decedent SPRIGGS had a history of depression, suicidal ideation and had previously attempted suicide; two days prior, while in custody at the Santa Rita Jail.

23. On August 27, 2013, Decedent SPRIGGS was transferred to John George Psychiatric Pavilion for a '5150' mental health hold.

24. On August 29, 2013, Decedent SPRIGGS threatened to hang himself while under psychiatric care at John George Psychiatric Pavilion.

25. On September 2, 2013, Decedent SPRIGGS was discharged from John George Psychiatric Pavilion for unknown reasons and was returned to the Santa Rita Jail Facilities Behavioral Health Unit. Decedent SPRIGGS was placed in a two person cell, which was only monitored on an hourly basis.

26. On September 5, 2013, Decedent SPRIGGS' cellmate was removed from the jail cell and Decedent SPRIGGS was left alone. Decedent SPRIGGS fashioned a jail bed sheet into a makeshift noose and hung himself. He died as a result of his injuries. At approximately 7:45 p.m., Deputy GLEN ARRIVAS arrived with nurse H. Kaur to dispense medication, and discovered Decedent SPRIGGS' lifeless body. Deputy ARRIVAS was assigned to do hourly bed checks for Decedent SPRIGGS. The Behavioral Health Unit was being supervised by Sergeant ANTHONY ANIASCO on this date.

27.     Decedent SPRIGGS died as the result of neglect by Defendant County of Alameda, Santa Rita Jail Facility staff. Defendant Santa Rita Jail Facility staff were on notice of Decedent SPRIGGS's intent to harm himself and nevertheless left him unattended. Decedent SPRIGGS died unnecessarily as a result of the unlawful and unconstitutional inaction taken by the Defendant Santa Rita Jail Facility Staff.

28.   Decedent SPRIGGS died as the result of neglect by Defendant County of Alameda, Santa Rita Jail Facility staff. Defendant Santa Rita Jail Facility staff were on notice of Decedent SPRIGGS's intent to harm himself and nevertheless left him unattended. Decedent SPRIGGS died unnecessarily as a result of the unlawful and unconstitutional inaction taken by the Defendant Santa Rita Jail Facility Staff.

29. Decedent SPRIGGS' girlfriend KIYERA BYRONE was pregnant with his first and only child at the time of his preventable death. Plaintiff K.B. was denied the ability to have any relationship with his father.

## **DAMAGES**

30. As a consequence of Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiffs K.B., by and through his Guardian Ad Litem KIYERA BYRONE, BRENDA COOK and JOHN SPRIGGS were mentally, and emotionally injured and damaged as a proximate result of decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, decedent's society, comfort, protection, companionship, love, affection, solace, and moral support and financial support.

31. Plaintiff K.B., by and through his Guardian Ad Litem KIYERA BYRONE brings this claim as successor-in-interest to Decedent and seeks both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both Decedent's and her rights.  Additionally, Plaintiff

is entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61 and loss of financial support.

32. Plaintiff K.B., by and through his Guardian Ad Litem KIYERA BYRONE is further entitled to recover damages incurred by Decedent before he died as a result of being deprived without due process to his right to life, and to any penalties or punitive damages to which decedent would have been entitled to recover had he lived, including damages incurred by Decedent consisting of pain and suffering he endured as a result of the violation of his civil rights.

33. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiffs' rights under the law.  Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

**FIRST CAUSE OF ACTION**

**(Wrongful Death - 42 U.S.C. §1983)**

(Plaintiff K.B., by and through his Guardian Ad Litem KIYERA BYRONE Against Defendants ARRIVAS, ANIASCO and DOES 1-25)

34. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 33 of this Complaint.

35. As set forth above, Decedent ROBBIE JARREN SPRIGGS was subjected to deprivation of rights by Defendants DOES 1-25, inclusive, acting under color of law of the United States and State of California and of the County of Alameda, which rights include, but are not limited to, privileges and immunities secured to Plaintiffs by the Constitution and laws of the United States.  By reason of the aforementioned acts, these Defendants, have violated the constitutional rights and liberty interests of Decedent ROBBIE JARREN SPRIGGS, including those provided in the Eighth and Fourteenth

Amendments to the U.S. Constitution and of Plaintiffs K.B. by and through his Guardian Ad Litem KIYERA BYRONE, JOHN SPRIGGS and BRENDA COOK, as well as those which are protected under the Fourth and Fourteenth Amendment's prohibition against depriving a person of a right to familial relationships without due process of law.

36. Defendants DOES 1 - 25 knew or should have known that  Decedent ROBBIE JARREN SPRIGGS had a serious mental health condition and was prone to self-harm, particularly that he had notified staff that he not only previously attempted suicide while in custody, but that he intended to hang himself, and was nonetheless left unattended for at least one hour, while in possession of materials of which he could use to harm himself.

37. Defendants knew that ROBBIE JARREN SPRIGGS was suffering from severe mental health problems and was at high risk of harming himself, and failed to engage in adequate welfare checks.

38.     Defendants knew and/or had reason to know, that ROBBIE JARREN SPRIGGS had a serious mental health condition that required medication, care, evaluation, observation and/or treatment upon booking and from his return from John George Hospital. Despite this knowledge, Defendants left ROBBIE JARREN SPRIGGS unattended for at least one hour, during which he hung himself from a bed sheet and asphyxiated. As a result of Defendants' deliberate indifference, ROBBIE JARREN SPRIGGS was deprived of the necessary and indicated medical intervention, care and treatment.  Without proper treatment or follow-up care, ROBBIE JARREN SPRIGGS continued to suffer pain and mental anguish in violation of his Eighth and Fourteenth Amendment rights, until he unnecessarily took his own life.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**

**(Violation of Plaintiffs' 14th Amendment Rights/Right to Familial**

**Relationship-42 U.S.C. § 1983)**

(All Plaintiffs Against Defendants ARRIVAS, ANIASCO and DOES 1-25)

39. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 38 of this Complaint as though fully set forth;

40. As a legal cause of Defendants, acting under color of law, acts and/or inactions, Plaintiffs were deprived of their constitutional rights to a familial relationship, and whose deliberate indifference caused injuries which resulted in decedent's death, all in violation of rights, privileges, and immunities secured by the Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**

**(Survival action: Violation of decedent's 4th Amendment Rights)**

**(42 U.S.C. §1983)**

(K.B., by and through his Guardian Ad Litem KIYERA BYRONE Against

Defendants ARRIVAS, ANIASCO and DOES 1-25)

41. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 40 of this Complaint.

42. ROBBIE JARREN SPRIGGS was forced to endure great conscious pain and suffering as he was asphyxiating, because of the Defendants' failure to monitor him before his death;

43. ROBBIE JARREN SPRIGGS did not file a legal action before his death;

44. Plaintiff K.B., by and through his Guardian Ad Litem KIYERA BYRONE, as successor-in-interest for Decedent ROBBIE JARREN SPRIGGS claims damages for the conscious pain and suffering incurred by ROBBIE JARREN SPRIGGS, as provided by the Fourth Amendment under 42 U.S.C. §1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION

**(Municipal Liability for Unconstitutional Custom or Policy (*Monell*) – 42 U.S.C. section 1983)**

(K.B. by and through his Guardian Ad Litem KIYERA BYRONE Against Defendant COUNTY and DOES 26-50)

45. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 44 of this Complaint.

46. The aforementioned acts and/or omissions of the Defendants and DOES 1-25 were deliberately indifferent to Decedent ROBBIE JARREN SPRIGGS's serious medical needs and safety and violating his civil rights were the direct and proximate result of customs, practices and policies of Defendant COUNTY and DOES 26 through 50, as alleged herein.

47. At all times herein mentioned, Defendants COUNTY and DOES 26 through 50 maintained a policy or de facto unconstitutional informal custom or practice of permitting, ignoring and condoning, Jail personnel to delay in providing adequate medical assistance and monitoring for the protection of the health or safety of inmates; failing to properly observe and treat inmates, including inadequate: intake and screening

11

and evaluation, diagnosis, referral to medical professionals, treatment plans, administration of delivery of medications, medical record keeping, staffing, communication between medical and custodial staff, housing, supervision, access to medical health care, failure to supervise, lax supervision, failure to report, investigate, and reprimand Jail personnel wrongful conduct

48. Plaintiff alleges that Defendant COUNTY maintained a policy, custom or practice of failing to provide adequate staff in the Jail causing a failure to properly monitor the inmates.

49. Plaintiff alleges that Defendant COUNTY maintained a policy, custom or practice of failing to provide the Jail with adequate medical health personnel.

50. Each policy, custom or practice posed a substantial risk of serious harm to Decedent SPRIGGS and Defendant COUNTY knew, or should have known, its policy posed this risk.

51. Plaintiff is further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants and DOES 1-25, and/or each of them, Defendant COUNTY, DOES 26-50, and/or each of them, encouraged the Jail personnel to continue their course of deliberate indifference and caused this lack of training in Jail personnel, resulting in the violation of the Decedent's rights as alleged herein.

52. The aforementioned acts and/or omissions and/or deliberate indifference by high-ranking ALAMEDA COUNTY officials, including high-ranking ALAMEDA COUNTY Santa Rita Jail Facility Supervisors, DOES 26-50, and each of them resulted

in the deprivation of Plaintiff's constitutional rights.  These customs, practices or policies were the legal cause of Plaintiff's injuries, and each individual Defendant acting in accord with this custom, policy or practice acted with deliberate indifference to the needs of persons such as Decedent ROBBIE JARREN SPRIGGS, who was in the custody and care of Defendants.

53. Said rights are substantive guarantees under the Fourth, Eighth, and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## **FIFTH CAUSE OF ACTION**
**(Wrongful Death - Negligence)**
**(C.C.P. §377.60 and 377.61)**
(K.B., by and through his Guardian Ad Litem KIYERA BYRONE Against Defendants ARRIVAS, ANIASCO and DOES 1-25)

54. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 53 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

55. Defendants and DOES 1 – 50 inclusive, by and through their respective agents and employees, proximately caused the death of decedent ROBBIE JARREN SPRIGGS on September 5, 2013 as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

56. As an actual and proximate result of said defendants' negligence, and the death of decedent, Plaintiff has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of their father, decedent, in an amount according to

proof at trial.

57. As a further actual and proximate result of said defendants' negligence, Plaintiffs' incurred funeral and burial expenses, in an amount according to proof at trial.

58. Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiff has brought this action, and claim damages from said defendants for the wrongful death of decedent, and the resulting injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

(K.B., by and through his Guardian Ad Litem KIYERA BYRONE Against Defendants ARRIVAS, ANIASCO and DOES 1-25)

59. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 58 of this complaint.

60. Defendants' above-described conduct was extreme, unreasonable and outrageous.

61. In engaging in the above-described conduct, defendants intentionally ignored or recklessly disregarded the foreseeable risk that decedent would suffer extreme emotional distress as a result of leaving Decedent SPRIGGS alone and unattended while he was in fragile mental state.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

14

**JURY DEMAND**

62. Plaintiffs hereby demand a jury trial in this action.

**PRAYER**

WHEREFORE, plaintiffs pray for relief, as follows:

1. For general damages in a sum to be determined according to proof;

2. For the third Cause of Action only, 4th Amendment Survival claim, damages for Decedent's pain and suffering endured from any initial Constitutional violation to the point of his death.

3. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

4. For funeral and burial expenses according to proof;

5. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants and/or DOES 1 through 25 and/or each of them;

6. For reasonable attorney's fees pursuant to 42 U.S.C. §1988 and U.S.C. Section 794a;

7. For cost of suit herein incurred;

Dated: October 20, 2014                    **LAW OFFICES OF JOHN BURRIS**


                                          /s/ _Benjamin Nisenbaum_
                                          Benjamin Nisenbaum, Esq.
                                          **LAW OFFICES OF JOHN BURRIS**